IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DENNEVER LIVINGSTON,**

        **Petitioner,**

v.                                       Criminal No. 2:97cr39-41
                                           Civil No. 2:04cv432

**UNITED STATES of AMERICA,**

        **Respondent.**

## OPINION & ORDER

This matter is before the Court on Petitioner's July 15, 2004, motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255" or "§ 2255 motion").  Doc. 117. Petitioner filed a memorandum of law and an affidavit in support of his motion.  Docs. 118 & 122.  The United States answered Petitioner's § 2255 on April 26, 2005.  Doc. 125.

### I. Procedural History[1]

On November 13, 1997, a jury found Petitioner guilty of one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); six counts of money laundering with the intent to promote the carrying on of drug trafficking, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (the "facilitation counts"); and six counts of money laundering

---

[1] This procedural history does not reflect the complete procedural history as to Petitioner, but only those proceedings relevant to the present motions.

knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (the "concealment counts"). Doc. 32.

On February 26, 1998, the Court entered its judgment as to Petitioner. Doc. 39. Petitioner was sentenced to concurrent terms of imprisonment and supervised release as to each count, the longest of which was three hundred fifty (360) months' imprisonment and ten (10) years' supervised release, as to the conspiracy to distribute and possess with intent to distribute marijuana count. Id. Petitioner timely noted an appeal. Doc. 40.

The United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and remanded in part with instructions on July 9, 2001, and entered its judgment on July 31, 2001. Docs. 83 & 84; United States v. Stewart, 256 F.3d 231 (4th Cir. 2001). The Fourth Circuit reversed Petitioner's conviction and vacated his sentence as to the concealment counts, because the evidence supporting Petitioner's conviction on these counts was duplicitous with the evidence to support Petitioner's conviction on the facilitation counts. 256 F.3d at 248. The Fourth Circuit instructed this Court to vacate Petitioner's sentence as to the concealment counts, id., but affirmed the remainder of Petitioner's sentence because his sentence was "unaffected by the reversal of [the concealment counts]," id.

Petitioner timely petitioned the Supreme Court of the United States for a writ of certiorari. Livingston v. United States, No. 01-8555 (U.S., Aug. 21, 2001). His petition was denied on April 1, 2002, and his petition for rehearing was denied on August 26, 2002. Livingston v. United States, 535 U.S. 977, reh'g denied, 536 U.S. 982 (2002).

On November 12, 2002, this Court held a hearing and dismissed with prejudice the

concealment counts. Doc. 91. The Court did not alter Petitioner's sentences as to the remaining counts. Id. Petitioner timely noted his appeal, Doc. 92, and the Fourth Circuit affirmed this Court's refusal to vacate Petitioner's sentences on the remaining counts on July 3, 2003. Docs. 101 & 102. Petitioner did not subsequently petition the Supreme Court for a writ of certiorari.

During the above proceedings, Petitioner filed two petitions for a writ of habeas corpus. The first was filed in April 2001 during the pendency of Petitioner's direct appeal and was dismissed by the Court without prejudice to Petitioner's right to file a § 2255 motion. Docs. 80 & 82. Petitioner filed another petition for a writ of habeas corpus on October 21, 2002, requesting that Petitioner immediately be released from confinement. Doc. 87. Petitioner asserted that this motion was pursuant to 28 U.S.C. § 2241 or, alternatively, pursuant to Federal Rule of Criminal Procedure 12(b), and requested that the Court not construe his motion as his first motion pursuant to 28 U.S.C. § 2255. Letter from Petitioner to the Court (Nov. 17, 2002).

The Court did not construe Petitioner's motion as a § 2255 motion, see United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002), and dismissed the motion. Doc. 95. Rule 12(b) was inapplicable post-trial, and the Court was without jurisdiction to consider Petitioner's motion under 28 U.S.C. § 2241. Id. Petitioner's July 15, 2004, motion is therefore Petitioner's first motion pursuant to 28 U.S.C. § 2255.

## II. Legal Standards

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This limitation period runs from the latest of (1) the date on which judgment of conviction became final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the Untied States is removed, if the movant was

prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States of America, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6.

Section 2255 does not define when a "judgment of conviction [becomes] final" for the purposes of § 2255 ¶ 6(1). If a petitioner fails to appeal the district court's judgment, then the petitioner's judgment of conviction is final on the date of entry of the district court's judgment. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). If a petitioner appeals to the Fourth Circuit but declines to petition the Supreme Court for a writ of certiorari, petitioner's judgment of conviction becomes final when the time for petitioning the Supreme Court for direct review expires. Clay v. United States, 537 U.S. 522, 532 (2003). If a petitioner does petition the Supreme Court on direct review, then his judgment of conviction becomes final when the Supreme Court either denies his petition or decides his case on the merits. United States v. Segers, 271 F.3d 181, 184 (4th Cir. 2000).

When a petitioner's sentence is affirmed in part and vacated in part, the judgment of conviction is nonetheless final when "an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal." United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (citing United States v. Wilson, 256 F.3d 217, 220 (4th Cir. 2001) (a remand to vacate one count of conviction, after affirming the remaining counts of conviction, failed to toll the statute of limitations)). The Dodson court

addressed the validity of the second direct appeal by determining whether the second appeal was frivolous. 291 F.3d at 275 ("there is no reason to delay habeas review [when] a defendant has no grounds for further, nonfrivolous direct appeal . . . ."); id. (a remand like the one before the Dodson court "clearly may supply a defendant with the basis for a nonfrivolous appeal."). Whether or not a remand is ministerial is determined by the terms of the remand itself. See id. at 275 (holding a remand was not merely ministerial when the remand language permitted the district court to exercise discretion, even though the district court chose not to modify the sentences as to the affirmed convictions).

### III.  Statute of Limitations

### A.  Judgment of Conviction

The timeliness of Petitioner's § 2255 depends on whether the Fourth Circuit's July 31, 2001, judgment, vacating in part and affirming in part Petitioner's original conviction and sentence, resulted in a remand "for a ministerial purpose that could not result in a valid second appeal." Id. If the remand was only for a ministerial purpose, then Petitioner's judgment of conviction became final on August 26, 2002, when the Supreme Court denied Petitioner's timely petition for rehearing, 536 U.S. 982, and Petitioner's § 2255 would be time-barred under 28 U.S.C. § 2255 ¶ 6(1). If the remand was for more than a ministerial purpose, then Petitioner's judgment of conviction became final on October 1, 2003, when the time for direct review of the Fourth Circuit's July 3, 2003, opinion expired, and his § 2255 would be timely. See Sup. Ct. R. 13.1 & 30.1.

In defining a "ministerial" remand "that could not result in a valid second appeal," the Fourth Circuit in Dodson cited the Seventh Circuit's opinion in Richardson v. Gramley, which

held that a judgment was not final on remand to the district court "unless the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula." Dodson, 291 F.3d at 275 (quoting 998 F.2d 463, 465 (7th Cir. 1993)). The Fourth Circuit found "no reason to delay habeas review" when "a defendant has no grounds for further, nonfrivolous direct appeal, and the judgment of conviction is therefore final as to all counts." Id. (citing Richardson, 998 F.2d at 465; Wilson, 256 F.3d at 220). In Wilson the Fourth Circuit held that the statute of limitations for the purposes of collateral review of affirmed counts of conviction was not tolled by the "vacation of [a] single, discrete, conspiracy count," which "had no effect whatsoever" on the remaining counts. 256 F.3d at 220.

In Dodson the Fourth Circuit had affirmed the defendant's conviction and sentence as to one count (the "first count") of conviction, but vacated his conviction and sentence as to another count that was supported by insufficient evidence. 291 F.3d at 270. The Fourth Circuit also had affirmed the defendant's conviction as to three other counts (the "remaining counts"), but vacated the defendant's sentences as to the remaining counts "and remanded for resentencing so that the district court could, if it wished, take into account our vacatur of the conviction and sentence on count five when reimposing sentence on [the remaining counts]." Id. Pursuant to this mandate, the district court held a hearing and re-imposed the same sentences as to the remaining counts. Id. The defendant again appealed, and the Fourth Circuit "considered and rejected several challenges to [the defendant's] sentences on the three remanded counts." Id. The Fourth Circuit "refused to consider challenges to the defendant's conviction and sentence on [the first count], however, reasoning that these challenges were beyond the scope of our [prior] mandate and, therefore, not before the district court at resentencing." Id.

The defendant subsequently petitioned for collateral review of his conviction and sentence under 28 U.S.C. § 2255. Id. The district court dismissed the defendant's petition for collateral review as untimely, and the defendant appealed. Id.

Applying the above definition of "ministerial" remand to the procedural history of Dodson, the Fourth Circuit found that its prior remand "was not merely ministerial," because "our remand required the district court to hold a sentencing hearing and to exercise its discretion in reimposing sentence. Such a remand clearly may supply a defendant with the basis for a nonfrivolous appeal." Id. at 275-76. The Fourth Circuit held that the defendant's judgment of conviction was final for the purposes of collateral review as of the court's issuance of its mandate relating to the defendant's second direct appeal. Id. at 276. The Fourth Circuit concluded that the defendant's § 2255 petition was timely filed and remanded the matter to the district court for consideration on the merits. Id.

### B. District Court Proceedings on Remand

On the Petitioner's first direct appeal the Fourth Circuit "affirm[ed] [Petitioner's] convictions and ultimate sentence but remand[ed] with instructions for the district court to vacate the convictions, sentences, and assessments attributable to [the concealment counts]." 256 F.3d at 248. The Fourth Circuit held that the remainder of Petitioner's sentence was "unaffected by the reversal of [the concealment counts]." Id.

This Court granted Petitioner's requests for a hearing and court-appointed counsel, Doc. 88, even though there was no function for Petitioner or counsel to perform in light of the Fourth Circuit's mandate. Accord United States v. Nolley, 27 F.3d 80, 81 (4th Cir. 1994) (failure to appoint counsel for re-sentencing hearing was error, but harmless, as "there was no function for

either the defendant or counsel to perform [because] [t]he district court had no choice but to follow the specific mandate of the appellate court."). On November 12, 2002, the Court followed the Fourth Circuit's mandate and dismissed the concealment counts with prejudice. Doc. 91 at 2-3. The Court re-calculated Petitioner's special assessment accordingly. Id. at 3. The Court did not alter Petitioner's sentences as to the remaining counts. Id. ("All other provisions of the Defendant's original sentence shall remain as previously announced by the Court.").

At the hearing, Petitioner instructed his counsel to argue "that the proceedings were tainted by 'spillover prejudice.'" Id. at 3. The Court allowed Petitioner to take the stand in support of this argument. Id. at 3 n.2. Petitioner relied on United States v. Rooney, 37 F.3d 847 (2d Cir. 1994), which held that evidence introduced at trial in support of a subsequently-vacated count of conviction was used by the prosecution in a manner that prejudiced the defendant as to the remaining counts. See id. at 3; 37 F.3d at 855-57. Prejudice resulted because the remaining counts were supported by underwhelming evidence and the evidence on the vacated count spilled over and tainted the jury's consideration of the remaining counts. See Doc. 91 at 3; 37 F.3d at 357. The Court was not persuaded by Petitioner's argument. As no evidence was improperly before the jury only in support of the concealment counts, the evidence in support of the concealment counts was identical to the evidence in support of the affirmed facilitation counts. See Doc. 91 at 3-4.

The Court advised Petitioner that it was not clear that Petitioner had any appellate rights

as to the hearing. Doc. 96 at 16.[2] Petitioner, however, noted an appeal, Doc. 92, and the Fourth Circuit affirmed this Court's refusal to vacate Petitioner's sentences on the remaining counts on July 3, 2003, by unpublished per curiam opinion. Doc. 101. Petitioner's counsel filed a brief in support of Petitioner's appeal "stating that there were no meritorious issues for appeal," but arguing in support of Petitioner that this Court erred in failing to find 'spillover prejudice.' Doc. 101 at 2.[3] Petitioner filed a pro se brief appealing this Court's rejection of his 'spillover prejudice' argument, arguing that his indictment was duplicitous, and arguing that his conviction violated Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. The Fourth Circuit held that "the latter two issues [were] not properly before this Court," as these claims had been decided by the Fourth Circuit on Petitioner's initial appeal. Id. at 2-3.

The Fourth Circuit proceeded to "fully consider[]" Petitioner's 'spillover prejudice' claims and affirmed "the district court's refusal to vacate any of [Petitioner's] other convictions." Id. at 3. As the evidence in support of the vacated concealment counts was identical to that in support of the affirmed facilitation counts, the evidence on the vacated counts could not have prejudiced the jury's consideration of the affirmed counts. Id. (citations omitted). The Fourth Circuit also stated that "as this [C]ourt determined in [Petitioner's] first appeal, the government's

---

[2] See id. ("All right, Mr. Livingston, it's not clear to me that you have any appellate rights remaining in this case; however, if you wish to note an appeal, you may request that your court-appointed attorney do so [on] your behalf, or you may undertake to do so pro se within the time limits established by law.").

[3] Counsel's brief was filed in accordance with Anders v. California, 386 U.S. 738, 744 (1967). Doc. 101 at 2; see 386 U.S. at 744 (counsel's "role as advocate requires that he support his client's appeal to the best of his ability . . . . if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.").

evidence was sufficient to support the convictions on the [remaining] charges." Id.

### C. Analysis

For the following reasons, Petitioner's judgment of conviction became final on August 26, 2002, when the Supreme Court of the United States denied Petitioner's request for a rehearing of his denied petitioner for a writ of certiorari. See 536 U.S. 982. Petitioner's § 2255 motion is therefore time-barred. 28 U.S.C. § 2255 ¶ 6.

The Fourth Circuit's remand in this matter was purely ministerial. The Fourth Circuit "affirm[ed] [Petitioner's] convictions and ultimate sentence but remand[ed] with instructions for the district court to vacate the convictions, sentences, and assessments attributable to [the concealment counts]." 256 F.3d at 248. This Court did not have discretion to re-sentence Petitioner on the affirmed counts of conviction, as the Fourth Circuit held that the remainder of Petitioner's sentence was "unaffected by the reversal of [the concealment counts]." Id. Cf Dodson, 291 F.3d at 275-76 (a prior remand "was not merely ministerial," because it "required the district court to hold a sentencing hearing and to exercise its discretion in reimposing sentence.") (emphasis added). Nor was re-computing Petitioner's special assessment in light of the vacatur a discretionary act. Cf. Dodson, 291 F.3d at 275 ("recomputing prejudgment interest according to a set formula" would be a "'ministerial' purpose, involving no discretion . . . .") (quoting Richardson v. Gramley, 998 F.2d at 465).

The inquiry into whether or not a remand was ministerial is determined by the remand language itself, not by the district court's subsequent action on remand. See Dodson, 291 F.3d at 275 (holding a remand was not merely ministerial when the remand language permitted the district court to exercise discretion, even though the district court chose not to modify the

sentences as to the affirmed convictions). Therefore, this Court's subsequent accommodation of Petitioner's requests is immaterial to determining whether or not the remand in this matter was purely ministerial. The Fourth Circuit's language did not require this Court to hold a hearing, nor did the Fourth Circuit invited this Court to exercise discretion as to Petitioner's affirmed sentences. 256 F.3d at 248; cf. id.

Even if a district court's subsequent accommodations were material to the question of whether the remand was ministerial, this Court's accommodation of Petitioner's requests should not provide Petitioner with the means to circumvent the limitations period prescribed by 28 U.S.C. § 2255 ¶ 6(1). The Court and counsel acknowledged the limited purposes of the hearing. Doc. 96 at 3-4, 6-7 & 14.[4] Petitioner's counsel asked the Court to allow Petitioner to take the stand only after Petitioner expressed a desire to supplement his counsel's arguments. Id. at 7.[5]

---

[4] See id. at 4 (statement by the Court that "the purpose of the hearing today is to implement the ruling by the Fourth Circuit . . . . and that's the only purpose. We're not here to deal with the habeas corpus petition which [Petitioner] filed . . . . So far as the court's concerned, [Petitioner] asked the court for a hearing regarding the Fourth Circuit's ruling . . . . so the only thing we're here for is to carry out the ruling of the Fourth Circuit, and that we will do."); id. at 3 (defense counsel stating that "what we were here for today was the limited purpose of [Petitioner's] resentencing in accordance with the Fourth Circuit's opinion."); id. at 6 (defense counsel stating that "as [he] understood the court, [he didn't] know that the [court was] willing to entertain [Petitioner's spillover argument] at this time. But [Petitioner] asked [defense counsel] to raise it . . . ."); id. at 7 (the United States stating that "the purpose of this hearing is just limited to effect a very narrow mandate the Fourth Circuit has ordered . . . ."); and id. at 14 (defense counsel stating that "my understanding of the law is that what we're here for is for the court to vacate convictions for [the concealment counts], which certainly wouldn't change his overall sentence, but on his behalf, I would ask the court to at least consider the points that [Petitioner] tried to raise [regarding 'spillover prejudice'].").

[5] See id. (defense counsel asking for a moment because Petitioner was "trying to tell [counsel] something," and after conferring with his client continuing with "Your Honor, if I could beg the court's indulgence, Mr. Livingston is trying to express some argument he wishes to make, and I am not really understanding it myself."); id. at 5 (Petitioner asking the Court if he could be heard).

Additionally, when the Court allowed Petitioner to take the stand, the Court had not been made aware of the substance of Petitioner's intended argument. <u>See</u> note 5, <u>supra</u>. Petitioner's resulting 'spillover prejudice' argument as to the affirmed counts of conviction was without merit, Doc. 91 at 3-4; Doc. 101 at 2-3, and to re-sentence Petitioner on the affirmed counts would have exceeded the Fourth Circuit's instructions on remand, 256 F.3d at 248.

Nor did the Fourth Circuit's "full[] consider[ation]" of Petitioner's 'spillover prejudice' argument, Doc. 101 at 3, expand its prior mandate. <u>Dodson</u> held that a judgment of conviction is final when "an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal." 291 F.3d at 275 (citation omitted). The validity of an appeal is not limited to whether or not the appeal is properly before the Fourth Circuit, or whether or not arguments raised on appeal are considered; validity is determined by whether or not an appeal is frivolous. <u>See id.</u> ("there is no reason to delay habeas review [when] a defendant has no grounds for further, nonfrivolous direct appeal . . . ."); and <u>id.</u> (a remand like the one before the court "clearly may supply a defendant with the basis for a nonfrivolous appeal.").

Petitioner's second direct appeal was frivolous and, therefore, not a "valid" appeal. <u>Cf. id.</u> Petitioner appealed this Court's rejection of his 'spillover prejudice' argument, argued that his indictment was duplicitous, and argued that his conviction violated <u>Apprendi</u>. <u>Id.</u> The Fourth Circuit held that "the latter two issues [were] not properly before this Court," as these claims had been decided by the Fourth Circuit on Petitioner's initial appeal. <u>Id.</u> at 2-3. While the Fourth Circuit "considered" Petitioner's 'spillover prejudice' argument, this argument was without merit. <u>Id.</u> at 3. The Fourth Circuit stated that "as this court determined in [Petitioner's]

first appeal, the government's evidence was sufficient to support the convictions on the [remaining] charges." Id.  Petitioner's second appeal was therefore frivolous, as two of Petitioner's claims were not properly before the Fourth Circuit, and the remaining claim was without merit for reasons stated by the Fourth Circuit on Petitioner's initial direct appeal,

For the reasons stated herein, the Fourth Circuit's remand was purely ministerial and Petitioner's judgment of conviction became final on August 26, 2002, when the Supreme Court of the United States denied Petitioner's request for a rehearing of his denied petitioner for a writ of certiorari.  See 536 U.S. 982.

### IV.  Applicability of 28 U.S.C. § 2255 ¶ 6(2)-(4)

Section 2255's statute of limitations runs from the latest of when Petitioner's judgment of conviction became final, 28 U.S.C. § 2255 ¶ 6(1), or from (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States of America, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255 ¶ 6(2)-(4).

None of these alternative limitations periods applies in the present matter.  Petitioner does not argue that government action created an impediment to Petitioner filing a § 2255 motion; nor does Petitioner proffer facts supporting his claims or claims that could not have been discovered through the exercise of due diligence within one year prior to the filing of his § 2255

13

petition. Petitioner's § 2255 relies on three Supreme Court cases: Crawford v. Washington, 541 U.S. 36 (2004), see Doc. 118 at 19-22; Apprendi v. New Jersey, 530 U.S. 466 (2000), see Doc. 118 at 26-34; and Blakely v. Washington, 542 U.S. 296 (2004), see Doc. 118 at 53-54. None of these cases, however, have been held to be retroactively available to federal prisoners on collateral review by the Supreme Court of the Untied States or the Fourth Circuit.[6]

## V. Conclusion

For the reasons set forth herein, Petitioner's § 2255 is **DISMISSED** as time-barred.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and to counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

/s/<br>HENRY COKE MORGAN, JR.<br>UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 11, 2006

---

[6] See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that Booker is not retroactively available to federal prisoners on collateral review); United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (same regarding Apprendi); Pabellon v. O'Brian, 2006 WL 2434968 *1 (W.D. Va., Aug. 22, 2006) (same regarding Crawford); Hale v. United States, 2006 WL 1768034 *6 (S.D. W.Va., July 26, 2006) (same); see also Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005) (same); and Mungo v. Duncan, 393 F.3d 327, 335-36 (2d Cir. 2004) (same). But see Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005) (holding that Crawford is retroactively available on collateral review).