IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENNEVER LIVINGSTON,

    Petitioner,

v.

    Criminal Action No. 2:97cr39-41
    Civil Action No. 2:14cv61

UNITED STATES of AMERICA,

    Respondent.

## OPINION AND ORDER

This motion is before the Court on Petitioner Dennever Livingston's ("Petitioner") Motion to Vacate Pursuant to 28 U.S.C. § 2241-2255(e) to Vacate a Sentence Imposed in Violation of United States v. Simmons, 226 F.3d 328 (2011), filed on February 13, 2014. Doc. 174 ("Motion"). For the reasons stated herein, the Court **CONSTRUES** Petitioner's Motion as one filed solely under 28 U.S.C. § 2241 and **TRANSFERS** Petitioner's corresponding civil case to the United States District Court for the Middle District of Pennsylvania.

### I. BACKGROUND

Petitioner and some forty or more other persons were involved in the bi-coastal distribution of large quantities of marijuana from 1991 to 1997. On April 11, 1997, an Indictment was filed against Petitioner, charging him with numerous counts relating to this conspiracy. Doc. 1. On November 13, 1997, a jury convicted Petitioner on fifteen charges, including conspiracy to possess with intent to distribute marijuana and various counts of money laundering. Doc. 32.

On February 20, 1998, Petitioner was sentenced to 360 months imprisonment, to be followed by ten years of supervised release. Doc. 39. Petitioner appealed to the Fourth Circuit, which affirmed in part, vacated in part, and remanded in part. Doc. 84. On re-sentencing, Petitioner received an identical sentence; however five of the counts of his original conviction were vacated. Doc. 91. Petitioner appealed again, but both his remaining convictions and sentence were affirmed. Doc. 99.

Petitioner filed his first Section 2255 Motion to Vacate on April 24, 2001, Doc. 80, but the Court immediately dismissed this petition as moot. Doc. 82. Petitioner's second Section 2255 Motion was filed on July 15, 2004. Doc. 117. The Court ordered the Government to respond, Doc. 124, which it did on April 26, 2005, Doc. 125. On September 13, 2006 the Court dismissed Petitioner's second Section 2255 Motion as time-barred. Doc. 142.

Petitioner filed the instant Motion on February 13, 2014. Doc. 174. In this Motion, Petitioner requests relief from his conviction based upon the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II. LEGAL STANDARDS

A federal prisoner who seeks to challenge the validity of his conviction or sentence generally must proceed pursuant to Section 2255. Alternatively, petitions filed under Section 2241 "are reserved for challenges to the execution of the prisoner's sentence." Farrow v. Revell, 541 Fed. App'x 327, 328 (4th Cir. 2013) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). Rarely however, Section 2255 may be "inadequate or ineffective to test the legality of detention," 28 U.S.C.A. § 2255(e), and a Petitioner relying on this provision, known as the Savings Clause, may file a petition for a writ of habeas corpus pursuant to Section 2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

2

The United States Court of Appeals for the Fourth Circuit concluded in In re Jones, that a traditional Section 2255 motion is inadequate or ineffective, and a Section 2241 petition may be used, when:

> (1) at the time of conviction, settled law . . . established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first [Section] 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of [Section] 2255 because the new rule is not one of constitutional law.

Id. at 333–34.

## III. ANALYSIS

Although styled under Section 2255, Petitioner asserts that the instant Motion should be addressed as a request pursuant to Section 2241. Petitioner argues that his case satisfies the In re Jones test and that as a result, his Motion should be heard on its merits rather than being denied as a second or successive Section 2255 Motion. See Doc. 175 at 7–8.

Instructively, the Supreme Court of the United States recently granted certiorari in a similar case. See Persaud v. United States, 134 S. Ct. 1023 (2014). In Persaud, as in the instant case, the petitioner ("Persaud") sought to use the 2255(e) Savings Clause to allow the district court to address his petition under Section 2241. Persaud, as is true of Petitioner, based his argument on the theory that the Fourth Circuit's ruling in Simmons was made retroactive by Miller v. United States, 735 F.3d 141 (2013). The district court refused to construe Persaud's motion under Section 2241, and the Fourth Circuit affirmed. Persaud v. United States, 517 Fed. App'x 137 (2013).

After certiorari was granted, the Solicitor General filed a brief supporting Persaud's position and arguing that the district court should have allowed him to proceed under Section

2241. See 2013 WL 7088877. On January 27, 2014, the Supreme Court vacated the judgment of the Fourth Circuit and remanded the case "for further consideration in light of the position asserted by the Solicitor General." Persaud, 134 S. Ct. 1023. Upon joint motion of the parties, the Fourth Circuit then remanded the Savings Clause issue to the district court and no further rulings have been filed at this time.

In light of the Supreme Court's suggestion, this Court agrees with Petitioner and **FINDS** that the In re Jones test is met here. See 226 F.3d at 333–34. First, at the time of Petitioner's conviction, the proper application of settled law established a legal conviction. Second, the substantive change in law which could[1] invalidate Petitioner's sentence, Simmons, was handed down well after Petitioner's direct appeal and first Section 2255 Motion had been resolved. Third, Petitioner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule in Simmons is not one of constitutional law.

Accordingly, Section 2255 is inadequate and ineffective to address Petitioner's present claims. See Farrow, 541 Fed. App'x at 328; see also Holman v. Thomas, No. 1:14cv2554, 2014 WL 6809748, at *3–*4 (D.S.C. Dec. 3, 2014) (citing Persaud, 134 S. Ct. 1023). Therefore, the Court **CONSTRUES** Petitioner's claims as a motion pursuant to 28 U.S.C. § 2241.

Notwithstanding this construal, however, the Court is "limited to granting habeas relief 'within [its] respective jurisdiction[].'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). This means "nothing more than that the court issuing the writ [must] have jurisdiction over the custodian." Id. (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973)).

---

[1] See infra text accompanying note 2.

Petitioner is currently incarcerated at United States Penitentiary Allenwood, a facility located within the Middle District of Pennsylvania. Therefore, this Court is without jurisdiction to hear Petitioner's case and sole jurisdiction to adjudicate the instant Motion lies with the United States District Court for the Middle District of Pennsylvania.

If it is in "the interest of justice," a district court "shall" transfer an action over which it has no jurisdiction to the court where the case could, and likely should, have been originally filed. 28 U.S.C. § 1631. When appropriate, this principle may be applied to correct jurisdictional problems with Section 2241 motions. See, e.g., Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014); Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). Here, the Court **FINDS** that the interests of justice require transfer of Petitioner's case as opposed to dismissal for lack of jurisdiction.[2] Accordingly, the civil case associated with the instant Motion is hereby **TRANSFERRED** to the Middle District of Pennsylvania.

## IV. CONCLUSION

For the above stated reasons, Petitioner's Motion, Doc. 174, is **CONSTRUED** as a Motion pursuant to Section 2241 and, in the interests of justice, Civil Case Number 2:14cv61 is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must

---

[2] The Court does not opine on the merits of Petitioner's claim because there is no circumstance under which it may validly reach them. If heard under Section 2255, the Motion would be dismissed as second or successive, and if construed under Section 2241 the Court does not have the proper jurisdiction. The Court does, however, recognize a possibility of relief under Section 2241 sufficient to justify transfer rather than outright dismissal for lack of jurisdiction.

submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 13, 2014

6